UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


Michael Angelo Burnett,

                Plaintiff,      Case No. 26-cv-11623

v.                             Judith E. Levy
                             United States District Judge

J. Tanner, *et al.*,

                             Mag. Judge David R. Grand

                Defendants.

_____/

## ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS [2] AND DISMISSING THE ACTION

*Pro se* Plaintiff Michael Angelo Burnett filed a complaint under 42 U.S.C. § 1983 that is dated May 11, 2026. (ECF No. 1.) He filed an amended complaint under § 1983 that is dated June 19, 2026. (ECF No. 8.) Plaintiff is an inmate confined at the Macomb Correctional Facility in Lenox Township, Michigan. In the amended complaint, he sues Defendants J. Tanner, who is identified as the Warden of Macomb Correctional Facility; E. Herbert, who is identified as an Inspector at Macomb Correctional Facility; the Administration at Macomb Correctional Facility; Tovah Aho, who is identified as a psychiatrist at

Marquette Branch Prison; C. Jackson, a "PC" at Macomb Correctional Facility; and Smith, a "C/O" at Macomb Correctional Facility. (*Id.* at PageID.71–73.) Upon review of Plaintiff's amended complaint and his litigation history in the federal courts, the Court concludes that the action must be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

Section 1914(a) provides that "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350 . . . ." 28 U.S.C. § 1914(a); *see Owens v. Keeling*, 461 F.3d 763, 773 (6th Cir. 2006). Plaintiff failed to pay the $350 filing fee, plus a $55 administrative fee, when he filed his complaint. He did, however, file an application to proceed in district court without prepaying fees or costs—or to proceed *in forma pauperis*. (ECF No. 2.)

The Prisoner Litigation Reform Act of 1995 (PLRA) states that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). The PLRA allows prisoners granted *in forma*

2

*pauperis* status to make an initial payment of a partial filing fee and then pay the remainder of the fee in installments. *See id.* § 1915(b).

The PLRA contains the following language referred to as the "three strikes" provision:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [on proceeding *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id.* § 1915(g). "[A] litigant [with 'three strikes'] cannot use the periodic payment benefits of § 1915(b). Instead, he must make full payment of the filing fee before his action may proceed." *In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002). But an exception exists for a prisoner who is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). A federal district court may raise the PLRA's three strikes provision on its own initiative. *See Witzke v. Hiller*, 966 F. Supp. 538, 539–40 (E.D. Mich. 1997). A court is permitted to take judicial notice of a plaintiff's prior dismissals in assessing whether the plaintiff has three strikes under § 1915(g). *See id.* at 539.

3

A review of federal court records indicates that on three or more prior occasions a federal court has dismissed a case brought by Plaintiff "on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). *See Burnett v. Marschke*, No. 2:09-cv-225, 2010 WL 502712, at *1, *3 (W.D. Mich. Feb. 5, 2010) (dismissing the action for failure to state a claim); *Burnett v. Caruso*, No. 2:09-cv-180, 2009 WL 3270071, at *1, *3 (W.D. Mich. Oct. 8, 2009) (dismissing the action "because it is frivolous"), *aff'd* No. 09-2553 (6th Cir. Aug. 13, 2010); *Burnett v. Hofbauer,* No. 2:09-cv-192, 2009 WL 4639491, at *1, *3 (W.D. Mich. Dec. 2, 2009) (dismissing the action for failure to state a claim); *Burnett v. Hill*, No. 2:09-cv-39, 2009 WL 596533, at *1–3 (W.D. Mich. Mar. 6, 2009) (dismissing Plaintiff's complaint for failure to state a claim); *Burnett v. Caruso*, No. 2:08-cv-168, 2009 WL 33470, at *1, *3 (W.D. Mich. Jan. 5, 2009) (adopting a report and recommendation to dismiss Plaintiff's complaint for failure to state a claim). As a result, the Court considers the allegations in Plaintiff's amended complaint to determine whether § 1915(g) bars him

from proceeding *in forma pauperis* or whether § 1915(g)'s "imminent danger" exception applies.[1]

---

[1] The Court notes that Plaintiff has been denied leave to proceed *in forma pauperis* numerous times under § 1915(g), the three-strikes rule. *See Burnett v. Corrigan*, No. 2:25-cv-136, 2025 WL 2047877, at *1, *6 (W.D. Mich. July 22, 2025) (concluding that Plaintiff is barred from proceeding *in forma pauperis* under § 1915(g) and dismissing the action without prejudice); *Burnett v. Lane*, No. 2:24-cv-200, 2024 WL 5232869, at *2, *5–6 (W.D. Mich. Dec. 26, 2024) (same); *Burnett v. Washington*, No. 2:24-cv-180, 2024 WL 4763001, at *1–2, *6 (W.D. Mich. Nov. 13, 2024) (same); *Burnett v. Hudson*, No. 2:24-cv-665, 2024 WL 4448827, at *1, *4 (W.D. Mich. Oct. 9, 2024) (same); *Burnett v. Washington*, No. 1:24-cv-155, 2024 WL 1340551, at *1, *5 (W.D. Mich. Mar. 29, 2024) (same); *Burnett v. Morrison*, No. 1:23-cv-1091, 2023 WL 8053170, at *1–2, *4 (W.D. Mich. Nov. 21, 2023) (finding that § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* and ordering him to pay the civil action filing fees), *app. dism.*, No. 23-2094, 2024 WL 5244789 (6th Cir. Oct. 2, 2024); *Burnett v. Corrigan*, No. 2:22-cv-129, 2022 WL 2900893, at *1, *5 (W.D. Mich. July 22, 2022) (same); *Burnett v. Macauley*, No. 1:21-cv-582, 2021 WL 3700759, at *1, *4 (W.D. Mich. Aug. 20, 2021) (same); *Burnett v. Lane*, No. 1:21-cv-468, 2021 WL 2883189, at *1, *3 (W.D. Mich. July 9, 2021) (same); *Burnett v. Lane*, No. 1:21-cv-462, 2021 WL 2659631, at *1, *3 (W.D. Mich. June 29, 2021) (revoking Plaintiff's *in forma pauperis* status because § 1915(g) applies); *Burnett v. Spitzley*, No. 1:21-cv-390, 2021 WL 2587589, at *1 (W.D. Mich. June 24, 2021) (concluding that Plaintiff is barred from proceeding *in forma pauperis* under § 1915(g) and requiring him to pay the civil action filing fees); *Burnett v. Washington*, No. 1:20-cv-1173, 2021 WL 457281, at *1, *4 (W.D. Mich. Feb. 9, 2021) (same); *Burnett v. Wiborn*, No. 1:20-cv-1161, 2020 WL 7417059, at *1, *4 (W.D. Mich. Dec. 18, 2020) (same); *Burnett v. Macauley*, No. 1:20-cv-1116, 2020 WL 7417058, at *1, *3–4 (W.D. Mich. Dec. 18, 2020) (same); *Burnett v. Kipela*, No. 2:10-cv-105, 2010 WL 4095144, at *1–2 (W.D. Mich. Oct. 18, 2010) (same); *Burnett v. McQuiggin*, 2:10-cv-69, 2010 WL 3952068, at *1–2 (W.D. Mich. Oct. 8, 2010) (same); *Burnett v. McQuiggin*, 2:10-cv-62, 2010 WL 3926201, at *1–2 (W.D. Mich. Oct. 5, 2010) (same); *Burnett v. Caruso*, No. 2:09-cv-263, 2010 WL 3564822, at *1–2 (W.D. Mich. Sept. 13, 2010) (same); *Burnett v. Caruso*, No. 2:10-cv-119, 2010 WL 2998502, at *1–2 (W.D. Mich. July 23, 2010) (same); *Burnett v. Corr. Med. Servs.*, No. 2:10-cv-126, 2010 WL 2868195, at *1–2 (W.D. Mich. July 21, 2010) (same); *Burnett v. Caruso*, No. 2:10-cv-113, 2010 WL 2757537, at *1–2 (W.D. Mich. July 13, 2010) (same); *Burnett v.*

5

Plaintiff alleges that on December 13, 2024, he reported to Aho that he had been "subjected to excessive force without a legitimate security reason by prison guards at Chippewa Correctional Facility, rape and sodomy." (ECF No. 8, PageID.74.) Plaintiff states that Aho violated "her Federal and State fiduciary duty" as well as the Prison Rape Elimination Act by failing to report Plaintiff's "accusations to law enforcement." (*Id.*) Plaintiff states that "[a]s a result of Dr. Aho [sic] deliberate indifference towards [his] safety [he] suffered the sexual abuse for an additional sixteen months there or until [he] was transferred down state to Macomb on April 28, 2026." (*Id.*)

In addition, Plaintiff alleges that the Administration at Macomb Correctional Facility is "subjecting [him] to rape and sodomy." (*Id.*) He alleges that he is "told by this Administration [he] will either 'suck a d***' as requested by Dr. Aho or they will kill [his] mother." (*Id.*) Plaintiff alleges that he is "forced to engage in lewed [sic] sex acts" and that "they had [Plaintiff] assaulted by another inmate" when Plaintiff

*Caruso*, No. 2:10-cv-115, 2010 WL 2755018, at *1–2 (W.D. Mich. July 9, 2010) (same); *Burnett v. Caruso*, No. 2:10-cv-112, 2010 WL 2730741, at *1–2 (W.D. Mich. July 8, 2010) (same); *Burnett v. Caruso*, No. 2:10-cv-32, 2010 WL 1462499, at *1–2 (W.D. Mich. Apr. 12, 2010) (same); *Burnett v. Caruso*, No. 2:10-cv-14, 2010 WL 1558716, at *1–2 (W.D. Mich. Apr. 19, 2010) (same); *Burnett v. McQuiggin*, No. 2:09-cv-277, 2010 WL 431918, at *1–2 (W.D. Mich. Feb. 5, 2010) (same).

"refused to engage in anal sex on May 12, 2026." (*Id.*) According to Plaintiff, "the inmate was in seclusion and should not have been allowed out of his cell." (*Id.*) Plaintiff states that "PC Jackson and C/O Smith were responsible for releasing the inmate to attack [Plaintiff]" and that "[t]hey were following unlawful orders given to them by the Administration." (*Id.*) Plaintiff states that "[t]he brutal attack was recorded and witnessed by other inmates." (*Id.*)

Plaintiff takes issue with "[n]o on[e] . . . report[ing] these incidents." (*Id.*) He states that he is "diagnosed with a serious mental illness (SMI)"[2] and is "entitled to protection from physical and sexual maltreatment," which "includes police notification and reporting." (*Id.*)

Plaintiff states that "[t]he sexual maltreatment calls into question the internal security procedures of the institution." (*Id.*) He alleges that Herbert has "audio and visual recordings of the lewed [sic] sex acts

---

[2] Plaintiff has previously alleged in other cases that he has been "diagnosed as paranoid and schizophrenic." *See Burnett v. Heron*, Case No. 18-cv-12471, ECF No. 35, PageID.178; *see also Burnett v. Corrigan*, No. 2:25-cv-136, 2025 WL 2047877, at *5 (W.D. Mich. July 22, 2025) (noting that "[i]n [certain] cases, Plaintiff admitted that he suffered from paranoia and schizophrenia"); *Burnett v. McQuiggin*, No. 2:10-cv-69, 2010 WL 3952068, at *2 (W.D. Mich. Oct. 8, 2010) ("In this case, Plaintiff alleges that he has been diagnosed with paranoid schizophrenia . . . ."); *Burnett v. Caruso*, No. 2:09-cv-263, 2010 WL 3564822, at *1 (W.D. Mich. Sept. 13, 2010) ("According to Plaintiff's original, first, and second proposed amended complaints . . . , he has been diagnosed with paranoid schizophrenia . . . .").

[Plaintiff is] forced to engage in." (*Id.*) Plaintiff alleges that "instead of reporting the matter" to Tanner, unidentified individuals "have sought to shield higher ranking officials who may have ordered [Plaintiff] harm because of a federal complaint pending before the Honorable Phillip J. Green . . . in the Western District of Michigan (Case No. 2:25 cv 00267)." (*Id.*) Plaintiff states that "Tanner is the Warden of Macomb and only he can guarantee [Plaintiff's] safety and stop the Administration and Officers from violating [his] federal rights under the Constitution." (*Id.*)

Plaintiff's allegations do not satisfy the imminent danger exception under § 1915(g). His allegations largely involve the failure to report past instances of assault. Plaintiff also alleges that certain Defendants were involved in having an inmate assault him. These allegations do not establish that Plaintiff is in imminent danger of serious physical injury. To the extent Plaintiff alleges that Aho's failure to report his "accusations to law enforcement" resulted in him suffering sexual abuse, that abuse ended when Plaintiff "was transferred . . . to Macomb [Correctional Facility] on April 28, 2026." (*Id.*) Plaintiff alleges a failure to report to Tanner "the lewed [sic] sex acts [he is] forced to

8

engage in," but Plaintiff does not allege that this failure to report puts him in imminent danger. (*Id.*) Regarding the allegation that certain Defendants were involved in having an inmate assault him, "a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the [imminent danger] exception." *Rittner v. Kinder*, 290 F. App'x 796, 797–98 (6th Cir. 2008); *see Belser v. Mich. Dep't of Corr.*, No. 2:20-cv-11734, 2020 WL 5017520, at *2 (E.D. Mich. Aug. 25, 2020) ("Past dangers or threats do not meet the three-strikes exception." (citing *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013))). Plaintiff thus fails to show that he is in "imminent danger of serious physical injury" under § 1915(g) based on these allegations.

Plaintiff's allegation that the Administration is "subjecting [him] to rape and sodomy" does not satisfy § 1915(g)'s exception either. (ECF No. 8, PageID.74.) That allegation lacks sufficient factual support to show that he is in imminent danger of serious physical injury. Plaintiff does not identify or describe the individuals involved, and he does not provide details regarding the alleged assaults. Plaintiff's conclusory allegation does not establish that the imminent danger exception

9

applies. *See Vandiver*, 727 F.3d at 585 ("[D]istrict courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." (quoting *Rittner*, 290 F. App'x at 798)). And as noted above, a prisoner alleging that he faced imminent danger in the past does not trigger the exception under § 1915(g). *See Rittner*, 290 F. App'x at 797–98; *Belser*, 2020 WL 5017520, at *2. Therefore, Plaintiff's allegation that the Administration is "subjecting [him] to rape and sodomy" does not satisfy the imminent danger exception. *See Burnett v. Caruso*, 2010 WL 3564822, at *2 (determining that Plaintiff's allegations did not satisfy § 1915(g)'s imminent danger exception because "Plaintiff's conclusory assertions [that he has been repeatedly subjected to sexual assaults by unknown prison officials] are unsupported by any specific factual allegations regarding the manner in which he was allegedly assaulted, or even a description of the alleged assailants" and because "allegations that a prisoner has faced imminent danger in the past are insufficient to trigger the exception under § 1915(g)"); *Burnett v. Caruso*, 2010 WL 2998502, at *2 (finding

10

Plaintiff's allegations—"that from May 1, 2010, through May 31, 2010, prison officials prevented Plaintiff from writing legal papers by assaulting him and injuring his 'primary' hand" and that "no one witnessed the assaults because Plaintiff is confined to administrative segregation, which is the most secure part of the prison"—were insufficient to trigger the imminent danger exception because his "conclusory assertions are unsupported by any specific factual allegations regarding the manner in which he was allegedly assaulted, or even a description of the alleged assailants" and because "allegations that a prisoner has faced imminent danger in the past are insufficient to trigger the exception under § 1915(g)"); *Burnett v. Macauley*, 2021 WL 3700759, at *3 ("Plaintiff's broad contention that he is sexually assaulted on a daily basis is entirely conclusory and falls short of showing that he was in imminent danger.").

Moreover, to the extent Plaintiff alleges that the Administration threatened to kill his mother, "such an outrageous threat against a third party, with no apparent ability to follow through, does not constitute imminent danger." *Burnett v. McQuiggin*, No. 2:10-cv-62, 2010 WL 3926201, at *2 (W.D. Mich. Oct. 5, 2010) (concluding—in a

11

case in which Plaintiff alleged that the defendants "told him that if any of them go to jail as a result of Plaintiff's litigation activities, they will kill his mother"—that "Plaintiff's allegations do not fall within the exception to the three strikes rule, because he does not allege any facts establishing that he is under imminent danger of serious physical injury" and therefore finding that § 1915(g) prohibited Plaintiff from proceeding *in forma pauperis* in that action).[3]

In sum, the imminent danger exception under § 1915(g) does not apply. *See Burnett v. Washington*, No. 2:24-cv-180, 2024 WL 4763001, at *6 (W.D. Mich. Nov. 13, 2024) ("As applied to Section 1915(g), the imminent-danger exception must be read in light of the strong general thrust of the PLRA, which was 'aimed at the skyrocketing numbers of claims filed by prisoners—many of which are meritless—and the

---

[3] The Court considers all of the factual allegations that appear in the amended complaint for purposes of evaluating whether they satisfy the imminent danger exception under § 1915(g), given that Plaintiff does not reference the exception or specify which allegations, if any, show that he is in imminent danger of serious physical injury. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (stating that the Supreme Court holds "the allegations of the pro se complaint . . . to less stringent standards than formal pleadings drafted by lawyers"); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) ("Pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings.").

corresponding burden those filings have placed on the federal courts.'" (quoting *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997))).

Accordingly, Plaintiff cannot proceed *in forma pauperis* under § 1915(g). Plaintiff has not paid the applicable fees for this case. The Court therefore dismisses the action without prejudice. Plaintiff may refile his complaint as a new case if he pays the filing fee at the time he initiates the new case. *See Witzke*, 966 F. Supp. at 540; *Burnett v. Corrigan*, No. 2:25-cv-136, 2025 WL 2047877, at *6 (W.D. Mich. July 22, 2025) ("deny[ing] Plaintiff leave to proceed *in forma pauperis*" because he is barred from doing so under § 1915(g) and "dismiss[ing] th[e] action without prejudice to Plaintiff's right to refile his complaint as a new action in this Court with the full civil action filing fees").

Because Plaintiff has three or more prior cases that were dismissed for being frivolous, malicious, or for failing to state a claim, § 1915(g) bars him from appealing *in forma pauperis*. *See* 28 U.S.C. § 1915(g); *White v. Sturm*, 737 F. Supp. 3d 576, 579–80 (E.D. Mich. 2024). The Court thus declines to certify that an appeal from this dismissal would be in good faith.

For the reasons set forth above,

IT IS ORDERED that Plaintiff's *in forma pauperis* application (ECF No. 2) is DENIED and that the action is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED AND CERTIFIED that any appeal taken by Plaintiff would not be done in good faith.

IT IS SO ORDERED.

Dated: July 7, 2026　　　　　　　s/Judith E. Levy
　Ann Arbor, Michigan　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 7, 2026.

　　　　　　　　　　　　　　s/William Barkholz
　　　　　　　　　　　　　　WILLIAM BARKHOLZ
　　　　　　　　　　　　　　Case Manager

14